UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **VERNA SPEIGHTS, Administrator ad Litem of the Estate of Leander Russell, Jr.,** ) ) ) **Plaintiff,** ) ) ) **vs.** ) ) ) **THE HERTZ CORPORATION,** ) ) ) **Defendant.** ) | **CASE NO.  7:12-CV-4028-SLB** |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 3.) Plaintiff, Verna Speights, Administrator ad Litem of the Estate of Leander Russell, Jr., has sued defendant, the Hertz Corporation, alleging negligence, wantonness, and breach of warranty in the death of decedent, Russell. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 3), is due to be granted.

**I.  MOTION TO DISMISS STANDARD**

Defendant has moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain

a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)(internal citations and quotations omitted).

When addressing a 12(b)(6) Motion to Dismiss, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288). To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the alleged facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))(internal quotations omitted). Also, the court does not assume that plaintiff can prove facts she has not alleged or that defendant has violated the law in ways that have not been alleged. *Id*. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations, brackets, and internal quotation marks omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

## II. STATEMENT OF FACTS

The following facts are derived from plaintiff's Complaint.

Decedent, Leander Russell, Jr., rented a Chevrolet Aveo, a compact car,[1] from defendant, the Hertz Company, on or about December 1, 2010. (Doc. 1 ¶ 10.) After driving the car from several days, decedent was in a fatal accident on December 6, 2010. (*Id*. ¶ 11.) Decedent apparently lost control of the car, left the road, and struck a tree. (*Id*.) He was not wearing a seat belt. (*See id*.)

---

[1]At oral argument counsel for the parties agreed that the Aveo is a compact or sub-compact car.

At the time he rented the car, decedent was over 6 feet tall and weighed approximately 400 pounds. (*Id*. ¶ 10.) Plaintiff's Complaint alleges that decedent was unable to wear the seat belt because of his size. (*Id*. ¶ 11.)

On December 5, 2012, plaintiff filed the instant action, alleging claims of negligence, wantonness, and breach of implied and express warranties. (*See generally id*.)

### III.  DISCUSSION

Defendant has moved to dismiss plaintiff's Complaint on the ground that it fails to state a claim upon which relief can be granted because defendant owed decedent no duty and a wrongful death claim cannot be based on a breach of warranty. (Doc. 3.) "As a federal court sitting in diversity, [this court is] required to apply the law as declared by the state's highest court." *CSX Transp., Inc. v. Trism Specialized Carriers, Inc.*, 182 F.3d 788, 790 (11th Cir. 1999)(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "In the absence of authority directly on point, [the court] must determine the issues of state law as [it] believe[s] the [Alabama] Supreme Court would." *Id*. (citing *Towne Realty, Inc. v. Safeco Ins. Co. of Am.*, 854 F.2d 1264, 1269 (11th Cir. 1988)).

### A.  NEGLIGENCE AND WANTONNESS

Defendant contends that plaintiff's negligence and wantonness claims are due to be dismissed because defendant did not owe decedent a duty. Plaintiff's negligence and wantonness claims are based on two alleged duties: (1) "Defendant Hertz had a duty to the general public . . . to lease/rent to decedent Leander Russell a vehicle which was reasonably

4

safe for him to drive;" and (2) Hertz owed a duty to Leander Russell to adequately warn him of any dangers with leasing/renting a vehicle which was inappropriate and inadequate for his size." (Doc. 1 ¶ 14.) Plaintiff contends that defendant breached these duties as follows:

> a. Hertz provided a vehicle which was not reasonably safe for Leander Russell to drive given his size and the corresponding size of the vehicle.
>
> b. Hertz negligently failed to properly warn decedent Leander Russell that the Aveo was an inappropriate vehicle for him to drive given his size in relation to the size of the vehicle, as well as the fact the seat belt provided for the front seat driver was not of sufficient length such that Leander Russell was able to use the seat belt.
>
> c. Hertz failed to provide a seat belt extender that Leander Russell could use with the seat belt provided in the Aveo so he would be able to use the seat belt when driving the Aveo.
>
> d. Hertz, through its authorized agents, failed to exercise reasonable care in the leasing/renting of the Aveo to Leander Russell.
>
> e. Hertz failed to provide a vehicle to Leander Russell which had sufficient driver occupant space for a man of his size.

(*Id.* ¶ 15.)

> In Alabama,
>
> > The elements of a negligence claim are a duty, a breach of that duty, causation, and damage. At common law, a duty of due care can accompany a contractual obligation. In addition, a duty of due care can arise in the absence of a contract, based on a number of factors, including public policy, social considerations, and foreseeability of harm. The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised. Due care is relative always and much depends upon the facts of the particular case.
> >
> > [The Alabama Supreme Court] has defined "wanton conduct" [as] [t]he doing of some act or something with reckless indifference to the consequences

> of said act, or a failure or omission to do something, with reckless indifference to the consequences of such failure or omission, that is, that the party acting or failing to act is conscious of his conduct, and even though without any actual intent to injure is aware from his knowledge of existing circumstances and conditions that his conduct would probably result in injury to another or in damage to his property.

*Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 679-80 (Ala. 2001)(internal quotations and citations omitted).

"Both [plaintiff's] negligence claim and [her] wantonness claim require proof that [defendant] owed [decedent] a duty." *Bryan v. Alabama Power Co.*, 20 So. 3d 108, 115-16 (Ala. 2009)(citing *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008); *George v. Alabama Power Co.*, 13 So. 3d 360, 364 (Ala. 2008)). "In Alabama, the existence of a duty is a strictly legal question to be determined by the court." *Id*. at 116 (quoting *Taylor v. Smith*, 892 So. 2d 887, 891 (Ala.2004); citing *Baugus v. City of Florence*, 985 So. 2d 413, 419 (Ala. 2007)); *see also Rose v. Miller & Co., Inc.*, 432 So. 2d 1237, 1238-39 (Ala. 1983)("The existence of a legal duty under a given statement of facts and circumstances is essentially a question of law for the court. It is elementary that where there is no duty, there can be no negligence.")(citations omitted).

### 1. Duty to Warn Decedent That Seat Belt Would Not Fit

In Alabama, "[t]he duty to warn end users of the dangers of products arises, in a pure negligence context, from § 388, *Restatement (Second) of Torts*." *Ex parte Chevron Chemical Co.*, 720 So. 2d 922, 924 (Ala. 1998). This section provides:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
>> (a)  knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>>
>> (b)  has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>>
>> (c)  fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*Restatement (Second) of Torts* § 388.  "There is no duty to warn when the danger is fully known to the party who was injured. . . .  The law does not require the doing of a useless act."  *Owens v. National Sec. of Alabama, Inc.*, 454 So. 2d 1387, 1389 (Ala. 1984)(internal citations omitted).

The court finds that this section applies to a rental car company – the supplier of chattel – that knows or should know that a compact car– the chattel – is dangerous for use by a customer who is too big to wear the rental car's seat belt.  Under § 388, such a rental car company would only have a duty to warn its customer/user if it has "**no reason to believe** that" the customer/user would "**realize the dangerous condition**" of the chattel for his use. *Id*. (emphasis added); *see Ex parte Chevron Chemical Co.*, 720 So. 2d 922, 925 (Ala. 1998). "[T]he duty to warn contemplated by § 388(c) is triggered only when the supplier has "no reason to believe" that the user will realize the "dangerous condition" of the product referred to in § 388(b).  Thus, the manufacturer is not required to provide a redundant warning, but

only to provide a warning of those dangers that are not obvious to the user." *See Chevron Chemical*, 720 So. 2d at 925 (citing *Gurley v. American Honda Motor Co.*, 505 So. 2d 358, 361 (Ala. 1987); *Ford Motor Co. v. Rodgers*, 337 So. 2d 736, 739 (Ala. 1976))(internal citations omitted).

In this case, plaintiff's Complaint alleges the compact car was dangerous because the seat-belt would not fit around the decedent. Under the facts as alleged in plaintiff's Complaint, defendant had no reason to believe that decedent would not or could not realize that his seat belt would not fit. Clearly such fact would have been evident to decedent as soon as he tried to buckle the seat belt. Therefore, the court finds defendant had no duty to warn decedent that the compact car's seat belt would not fit him or to give an extender without a request. The court finds no duty upon a rental car company to presume a large customer cannot buckle the seat belt in a compact car and to act accordingly when the customer is in the best position to determine definitively whether he or she can buckle the seat belt.

Plaintiff's negligence claims to the extent based on failure to warn decedent that the seat belt would not fit him and/or failure to provide him an extender are due to be dismissed on the ground that defendant did not owe decedent any duty based on fact that the seat belt in the car rented by decedent would not fit him.

The lack of duty to warn decedent the seat belt would not fit or providing him an extender requires dismissal of plaintiff's wantonness claims based on the seat belt fit issue.

8

In Alabama, "wantonness" is defined "as the conscious doing of some act or the ***omission of some duty***, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998)(citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994))(emphasis added). Plaintiff's claims regarding the seat belt fit issues are based on defendant's failure to act, not affirmative conduct. (*See* doc. 1 ¶¶ 15(b)-(c), 18.) Therefore, the court's finding that defendant had no duty to warn decedent the seat belt would not fit or to provide an extender compels dismissal of his wantonness claims based on the same omission of such duty. *See Bryan*, 20 So. 3d at 115-16.

Plaintiff's wantonness claims based on failure to warn decedent seat belt would not fit and failure to provide a seat belt extender are due to be dismissed.

**2. Duty to Warn Decedent He Was Too Big to Drive a Compact Car And/or to Provide Decedent a Bigger Car to Decedent**

Plaintiff alleges that defendant owed decedent a duty to warn him that the compact car "was inappropriate for him to drive given his size in relation to the size of the vehicle," and should have "provide[d] a vehicle to [decedent] which had sufficient driver occupant space for a man of his size."[2] (Doc. 1 ¶ 15.) Plaintiff's Complaint alleges that defendant

---

[2]As set forth above, plaintiff contends that defendant breached the following duties:

    a. Hertz provided a vehicle which was not reasonably safe for Leander Russell to drive given his size and the corresponding size of the vehicle.

9

"failed to *provide* a vehicle to Leander Russell which had sufficient driver occupant space for a man of his size." (*Id*. [emphasis added].)  The Complaint does not allege that defendant refused to rent decedent a mid-size or larger car; it does not allege that defendant did not have any larger cars available.  Therefore, the court finds that plaintiff has not alleged sufficient facts to support a claim that defendant did not "provide" decedent with a larger car; rather the facts as alleged indicate that defendant gave decedent the compact car decedent requested.

Assuming defendant provided decedent the size car he requested, the issue is whether defendant had a duty to refuse to rent decedent a compact car based on his size and/or to warn him that he would be safer in a bigger car.  The court has found no Alabama law establishing such a duty.  Therefore, plaintiff's claims based on a duty to warn and/or to provide plaintiff a larger car are due to be dismissed.

**B.  BREACH OF WARRANTY**

---

> b.  Hertz negligently failed to properly warn decedent Leander Russell that the Aveo was an inappropriate vehicle for him to drive given his size in relation to the size of the vehicle . . . .
>
> . . .
>
> d.  Hertz, through its authorized agents, failed to exercise reasonable care in the leasing/renting of the Aveo to Leander Russell.
>
> e.  Hertz failed to provide a vehicle to Leander Russell which had sufficient driver occupant space for a man of his size.

(Doc. 1 ¶ 15.)

Plaintiff alleges that defendant breached express and implied warranties when it rented decedent a compact car. She alleges her breach of warranty "claim is brought pursuant to Alabama's Wrongful Death Act, [Ala. Code] § 6-5-410, . . . and Alabama common law." (Doc. 1 ¶ 24.) Defendant contends that actions for wrongful death under Alabama law cannot be based on breach of warranty claims.

Section 6-5-410 states:

> A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.

Ala. Code § 6-5-410. The Alabama Supreme Court has held "that no contractual cause of action for wrongful death is created by our Uniform Commercial Code arising from a breach of warranty, and that actions for wrongful death can arise in this state and be processed only under our wrongful death acts." *Geohagan v. General Motors Co.*, 279 So. 2d 436, 440 (1973); *see Chandler v. Hospital Authority of City of Huntsville*, 500 So. 2d 1012, 1014 (Ala. 1986)(reaffirming *Geohagan*). Therefore, plaintiff may not prosecute a wrongful death claim based on a breach-of-warranty theory.

Plaintiff's breach of warranty claims, brought pursuant to Alabama's wrongful death statute, are due to be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Complaint fails to state a claim upon which relief may be granted as to plaintiff's claims. An Order granting defendant's Motion to Dismiss, (doc. 3), and dismissing plaintiff's claims will be entered contemporaneously with this Memorandum Opinion.

Done this 9th day of September, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE