FILED
2014 Sep-08 PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **VERNA SPEIGHTS, Administrator ad Litem of the Estate of Leander Russell, Jr.,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) CASE NO. 7:12-CV-4028-SLB |
| **THE HERTZ CORPORATION,** | ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Alter or Amend Court Order Dismissing Case with Prejudice. (Doc. 12.) For the reasons set forth below, the court finds that plaintiff's Motion to Alter or Amend is due to be denied.

**DUTY TO PROVIDE DECEDENT A SAFE VEHICLE**

In her Motion to Alter or Amend, plaintiff argues that the court failed to address her claims based on defendant's alleged breach of its duty to provide decedent "a vehicle which was reasonabl[y] safe for him to drive." (Doc. 12 ¶¶ 3-6.) However, the court specifically addressed plaintiff's argument that defendant should have provided the decedent a larger vehicle:

> Plaintiff alleges that defendant owed decedent a duty to warn him that the compact car "was inappropriate for him to drive given his size in relation to the size of the vehicle," and should have "provide[d] a vehicle to [decedent] which had sufficient driver occupant space for a man of his size." (Doc. 1 ¶ 15.) Plaintiff's Complaint alleges that defendant "failed to *provide* a vehicle to Leander Russell which had sufficient driver occupant space for a man of his

> size." (*Id*. [emphasis added].) The Complaint does not allege that defendant refused to rent decedent a mid-size or larger car; it does not allege that defendant did not have any larger cars available. Therefore, the court finds that plaintiff has not alleged sufficient facts to support a claim that defendant did not "provide" decedent with a larger car; rather the facts as alleged indicate that defendant gave decedent the compact car decedent requested.
>
> Assuming defendant provided decedent the size car he requested, the issue is whether defendant had a duty to refuse to rent decedent a compact car based on his size and/or to warn him that he would be safer in a bigger car. The court has found no Alabama law establishing such a duty. Therefore, plaintiff's claims based on a duty to warn and/or to provide plaintiff a larger car are due to be dismissed.

(Doc. 10 at 9-10.)

Plaintiff's Motion to Alter or Amend based on her contention that the court failed to address her duty-to-provide claim will be dismissed.

**DUTY TO PROVIDE SEAT BELT EXTENDER**

Plaintiff contends that the court erred in dismissing her claims based on defendant's failure to provide the decedent a seat belt extender. (Doc. 10 ¶¶ 5-6.) She argues that the court "never addressed application of this duty separate and apart from a failure to warn." (*Id*. ¶ 6.) The court addressed the duty to warn and the duty to provide an extender together because both duties were based on the size of the decedent relative to the seat belt. It held:

> Under the facts as alleged in plaintiff's Complaint, defendant had no reason to believe that decedent would not or could not realize that his seat belt would not fit. Clearly such fact would have been evident to decedent as soon as he tried to buckle the seat belt. Therefore, the court finds defendant had no duty to warn decedent that the compact car's seat belt would not fit him or to give an extender without a request. The court finds no duty upon a rental car company to presume a large customer cannot buckle the seat belt in a compact car and

to act accordingly when the customer is in the best position to determine definitively whether he or she can buckle the seat belt.

(Doc. 10 at 8.)

Plaintiff's Motion to Alter or Amend with regard to the defendant's duty to provide a seat belt extender will be denied.

**WANTONNESS**

Plaintiff states that her "claim for wantonness should be permitted to continue and survive dismissal to the extent [her] claim of negligence in failing to provide Decedent with a reasonably safe vehicle should also be permitted to survive." (Doc. 12 ¶ 8.) As the court finds no reason to reconsider its prior Order dismissing plaintiff's negligence claim, it will deny plaintiff's Motion to Alter or Amend its Order dismissing her wantonness claim.

**BREACH OF WARRANTY CLAIMS**

Plaintiff contends that this court erred in dismissing her breach of warranty claim because "the Alabama Supreme Court has acknowledged on many occasions that breach of warranty claims is appropriate when pursuing a wrongful death action." (Doc. 12 ¶ 9.) In dismissing plaintiff's breach-of-warranty claims this court held, "The Alabama Supreme Court has held 'that no contractual cause of action for wrongful death is created by our Uniform Commercial Code arising from a breach of warranty, and that actions for wrongful death can arise in this state and be processed only under our wrongful death acts.'" (Doc. 10 at 11 [quoting *Geohagan v. General Motors Co.*, 279 So. 2d 436, 440 (1973); citing *Chandler v. Hospital Authority of City of Huntsville*, 500 So. 2d 1012, 1014 (Ala.

3

1986)(reaffirming *Geohagan*)].). The Alabama Supreme Court has recently reaffirmed *Geohagan* and stated, explicitly, "a breach-of-warranty claim cannot be maintained under Alabama's wrongful-death statute." *Alabama Powersport Auction, LLC v. Wiese*, No. 1120007, 2013 WL 5966771, *3 (Ala. Nov. 8, 2013).

Plaintiff's Motion to Alter or Amend the court's Order and to allow her to proceed with her breach of warranty claims will be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Motion to Alter or Amend Court Order Dismissing Case with Prejudice, (doc. 12) is due to be denied. An Order denying her Motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 8th day of September, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE